IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00151-WYD-OES

DEE CONTRERAS, as conservator and next friend of Timothy Dodge, Jr.,

      Plaintiff,

v.

TEMBER RECTOR, individually and in her official capacity as foster care agent;
MICHELLE TURSKA, individually and in her official capacity as placement advisor for
Maple Star Colorado;
DEBBIE A. GREBNICK, individually and in her official capacity as executive director of
Maple Star Colorado;
UNKNOWN EMPLOYEES OF MAPLE STAR COLORADO, individually and in their
official capacity;
MAPLE STAR COLORADO, a Colorado corporation;
UNKNOWN EMPLOYEES OF ADAMS COUNTY DEPARTMENT OF SOCIAL
SERVICES, individually and in their official capacity;
DONALD CASSATA, Director, Adams County Social Services;
ADAMS COUNTY DEPARTMENT OF SOCIAL SERVICES; and
BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY, COLORADO,

      Defendants.

---

## ORDER

---

THIS MATTER is before the Court on a review of the file.  The Court notes that

Magistrate Judge Schlatter stayed all proceedings in this case pending resolution of

criminal charges against Defendant Tember Rector ["Rector"] by Minute Order dated

April 28, 2005.  That same Minute Order, however, granted an extension of time to file

response to certain motions to dismiss. Thus, the Court does not believe Magistrate

Judge Schlatter intended for the stay to impact a ruling on the motions to dismiss.

Turning to the motions, a motion to dismiss from Defendant Maple Star Colorado ["Maple Star"] was filed March 24, 2005, and a motion to dismiss was filed by Adams County Department of Social Services and the Board of County Commissioners of Adams County, Colorado [collectively "Adams County Defendants"] on April 4, 2005. Both motions relate to the original complaint filed in this matter, and assert that the claims against Maple Star and the Adams County Defendants should be dismissed because they are sued under agency/respondeat superior theories which are not proper under 42 U.S.C. § 1983.

Since the filing of those motions, an amended complaint was filed and received by Order dated June 17, 2005.  The amended complaint purports to set forth specific constitutional violations by these Defendants and does not rely solely on agency/ respondeat superior theories.  Accordingly, I find that the original motions to dismiss should be denied as moot.  Defendants Maple Star Colorado and the Adams County Defendants may, if they wish, file a motion to dismiss that addresses the allegations of the Amended Complaint.  Such motions shall be filed within twenty (20) days of the filing of this Order.

I now turn to Defendant Rector's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) filed April 11, 2005.  That motion asserts that the first, second, fourth and fifth claims should be dismissed against Rector because they are tort claims that are barred by the Colorado Governmental Immunity Act ["CGIA"], COLO. REV. STAT. § 24-10-101, *et*

*seq.*[1]  I note that even though the motion refers to claims in the original complaint, those claims remain the same in the amended complaint.  Thus, I find that this motion is not moot.  I further note that even though this case is stayed, a ruling on this motion should be issued since it deals with the Court's subject matter jurisdiction over certain claims.

As to the merits of the motion, Rector asserts that the complaint alleges that she was acting as an agent of Maple Star and Adams County Department of Social Services in connection with her foster home.  Rector further asserts that foster homes and foster care providers are entitled to immunity under the CGIA pursuant to *Gabriel By and Through Gabriel v. City and County of Denver*, 824 P.2d 36 (Colo. App. 1991).

In *Gabriel*, the minor children plaintiffs, by and through their mother and next friend, sued the City and County of Denver, the Denver Department of Social Services, and the Colorado Department of Social Services for abuse and neglect they allegedly suffered in out-of-home placement in foster care.  *Id.* at 37.  The defendants filed motions to dismiss, alleging that negligence claims were barred by the CGIA.  The plaintiffs in that case did not appear to dispute that immunity attached to the claims, but argued that immunity was waived pursuant to § 24-10-106(1)(b) because a foster home "is the equivalent of either a hospital, a correctional facility, or a jail."  *Id.*  The Colorado Court of Appeals disagreed, concluding "that the General Assembly did not intend to include foster homes among the institutions or facilities set forth in § 24-10-206 and

---

[1]  Rector does not seek to dismiss the federal claim asserted against her under 42 U.S.C. § 1983.

that the trial court correctly determined that the defendants' immunity had not been

waived." *Id.* at 38.

In the case at hand, Plaintiff sued, not only the state agencies involved with the

foster placement, but Defendant Rector whose foster home Timothy Dodge was placed

into. I find that *Gabriel* does not control in this case and deny Rector's motion to

dismiss. First, the Colorado Court of Appeals in *Gabriel* did not actually address the

issue of whether immunity applied in the first instance under the CGIA to state

agencies involved with foster care and/or foster homes. It appears that the parties

assumed that immunity applied for purposes of the case, and the court addressed only

whether certain exceptions applied to public entities as to such immunity under COLO.

REV. STAT. § 24-10-106.

More importantly, even if I assume that *Gabriel* would mandate a finding that

public agencies involved with foster care are immune from tort claims under the CGIA, I

find that *Gabriel* does not dictate such a result as to Rector. In *Gabriel*, as noted

above, the plaintiffs sued only the state agencies. The court did not address whether

private individuals retained by the state to run a foster home (such as Rector) were

immune under the CGIA. Further, to the extent Plaintiff's motion implies that she is a

public employee that is immune from liability as to tort claims, I find that there has been

no showing that she is a public employee as defined by the CGIA, COLO. REV. STAT.

§ 24-10-103(4). While I recognize that Plaintiff has alleged that Rector is an agent of

the state, this does not necessarily mean that Rector is a public employee for purposes

of the CGIA. Accordingly, Rector's motion to dismiss is denied.

In conclusion, it is

ORDERED that the Motion to Dismiss from Defendant Maple Star Colorado (filed March 24, 2005, docket # 6) and the Motion to Dismiss of Adams County Department of Social Services and the Board of County Commissioners of Adams County, Colorado (filed April 4, 2005, docket # 8) are **DENIED AS MOOT**.  It is

FURTHER ORDERED that the above referenced Defendants may, if they wish, file new motions to dismiss that address the Amended Complaint within twenty (20) days of the filing of this Order, or by **Tuesday, December 6, 2005**.  It is

FURTHER ORDERED that Defendant Rector's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) (filed April 11, 2005, docket # 11) is **DENIED**.

Dated:  November 16, 2005

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge